O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LORETTA JACQUELINE BALL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 14-2110-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Loretta Jacqueline Ball ("Plaintiff") appeals the denial of her application for Social Security benefits. The Court finds that the Administrative Law Judge ("ALJ") did not err in finding that Plaintiff could perform her past work as a film editor. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental security income on February 24, 2010, alleging disability beginning August 1, 2009. Administrative Record ("AR") 145, 35. After hearings on February 23, 2012, and August 2, 2012, the ALJ found that Plaintiff had the following severe

impairments: a lumbar spine fusion with disk replacement; a partially amputated left foot, with subsequent development of lateral sesamoiditis and plantar fasciitis for which surgeries have been recommended; and left shoulder bursitis. AR 35, 38. The ALJ also found that Plaintiff had "mild limitations in her ability to maintain normal activities of daily living, social functioning, and concentration persistence and pace." AR 39. The ALJ determined that Plaintiff did not have any impairment or combination of impairments of a severity to meet the criteria of a listed impairment. AR 41. After finding that Plaintiff retained the residual functional capacity ("RFC") to perform light work with no additional physical or mental limitations, the ALJ concluded that Plaintiff was not disabled because she could perform her past work as a film editor. AR 42-45.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720

(9th Cir. 1996). "Long-standing principles of administrative law require [this Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21.

### III.
### DISCUSSION

Plaintiff contends that the ALJ improperly determined that she could perform her past relevant work. Joint Stipulation ("JS") at 4-9. Specifically, Plaintiff contends that the ALJ erred in failing to consider and include in Plaintiff's RFC her mild mental limitations found at step two of the sequential evaluation.[1] See JS at 5. While the ALJ concluded that Plaintiff's mental impairments are not severe, he did find that she has "mild limitations in her ability to maintain normal activities of daily living, social functioning, and concentration persistence and pace." AR 39. However, the ALJ did not include any mental limitations in Plaintiff's RFC. See AR 42.

Social Security Regulations provide that the ALJ must <u>consider</u> all limitations when assessing a claimant's RFC, even if those limitations are found to be non-severe. 20 C.F.R. § 404.1545(a)(2) (emphasis added) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' ... when we assess your residual functional capacity."). Relying on

---

[1] Plaintiff also contends that the ALJ erred in not including Plaintiff's mild mental impairments in the hypothetical to the vocational expert ("VE"). JS at 5. However, this argument is inapplicable because there was no VE testimony at the ALJ hearing. See AR 53-86.

Hutton v. Astrue, 491 F. App'x 850 (9th Cir. 2012), Plaintiff argues that the ALJ's failure to consider her mild mental limitations was legal error. JS at 9. In Hutton, the court held that the ALJ erred by failing to consider the mild mental limitations caused by plaintiff's post-traumatic stress disorder ("PTSD") in his RFC assessment, even though the ALJ found that the claimant's PTSD was not a severe impairment. Hutton, 491 F. App'x at 850-851 ("[W]hile the ALJ was free to reject [plaintiff's] testimony as not credible, there was no reason for the ALJ to disregard his own finding that [plaintiff's] nonsevere PTSD caused some 'mild' limitations in the areas of concentration, persistence, or pace."). This decision, however, was based on the ALJ's explicit refusal to consider plaintiff's PTSD at step four after establishing that Plaintiff suffered from mild PTSD at step two. The court found that deliberate omission to be legal error. Id. at 851.

Here, the ALJ performed a detailed analysis of the record, including Plaintiff's medical records, Plaintiff's reported activities of daily living, and a third party function report from Plaintiff's spouse.[2] See AR 38-40. The ALJ stated in this section that:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories

---

[2] Although the ALJ refers to Plaintiff's spouse as her "life partner," AR 39, the evidence in the record indicates that Plaintiff and her spouse are married, see AR 176.

>found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96–8p). Therefore, <u>the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis</u>.

AR 39 (emphasis added). Then, when formulating Plaintiff's RFC, the ALJ stated that "Dr. Dossett's opinion and the opinion of the State Agency medical consultant concerning the alleged severity of the [Plaintiff's] mental impairments were discussed in reference to step two of the sequential evaluation process." AR 43. Therefore, the record shows that the ALJ did consider Plaintiff's mild mental limitations in formulating her RFC. See <u>Webb v. Colvin</u>, No. 12-0592, 2013 WL 5947771, at *11 (D. Nev. Nov. 5, 2013) (noting that an ALJ is required to "discuss and evaluate evidence that supports" his or her conclusion, but is not required to do so under any specific heading); see also <u>Lewis v. Apfel</u>, 236 F. 3d 503, 513 (9th Cir. 2001) (same).

      The Court also finds unpersuasive any argument that the ALJ erred by not including in Plaintiff's RFC her mild mental limitations because she has some "mild limitations in her ability to maintain normal activities of daily living, social functioning, and concentration persistence and pace." AR 39. Plaintiff does not contest the ALJ's finding that Plaintiff's mental impairments were nonsevere, a finding that means that Plaintiff's mental impairments by definition do not have more than a minimal limitation on Plaintiff's ability to do basic work activities, <u>see</u> 20 C.F.R. § 416.920a(d)(1), which translates in most cases into no functional limitations. See <u>Sprague v. Colvin</u>, No. 13-0576, 2014 WL 2579629, at *6 (M.D. Fla. June 9, 2014) ("Consequently, in many, if not most cases, there will be no functional limitations from a nonsevere impairment."). Moreover, the ALJ expressly found that Plaintiff's mental impairments "do not cause more than minimal limitation in [Plaintiff's] ability

to perform basic mental work activities," AR 39, a finding that that is supported by the record. As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC. See Sisco v. Colvin, No. 13-1817, 2014 WL 2859187, at *7-8 (N.D. Cal. June 20, 2014).

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the matter dismissed with prejudice.

Dated: May 15, 2015

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

6